United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Robert Sarhan, Anabella Soury, Plaintiffs, <br><br> v. <br><br> H&H Investors, and others, Defendants. | ) <br> ) <br> ) <br> ) Civil Action No. 19-20368-Civ-Scola <br> ) <br> ) <br> ) <br> ) |

### Order Dismissing Case

This matter is before the Court on an independent review of the record. Plaintiffs Robert Sarhan and Anabella Soury (collectively, "Sarhan") are residents of Miami-Dade County (ECF No. 1-2) and filed this action on January 28, 2019, based on events arising from an allegedly wrongful judgment of foreclosure (the "Foreclosure Judgment") entered in a Florida state court (the "Foreclosure Action"). (ECF No. 1.) The Complaint spans 93 pages, asserts fourteen "claims" again sixteen defendants, and raises arguments sounding in fraud and due process. Having conducted an initial review of the Complaint, the Court determines that this case is due to be dismissed.

1. **Counts I through XII Are Barred by the *Rooker-Feldman* Doctrine**

Counts I through XII request the Court to declare "void" or "vacate" the Foreclosure Judgment, as well as the mortgage and a related agreement upon which that judgment is based. (*See, e.g.,* ECF No. 1 at p. 55-57 (arguing the Sarhan was denied due process in the Foreclosure Case thus rendering the Foreclosure Judgment "void"), 64 (arguing that the underlying mortgage and related agreement that served as the basis for the Foreclosure Judgment are "void" as against public policy), 65-68 (arguing the underlying mortgage and related agreement "are void due to fraudulent inducement, undue influence, duress"), 71 (arguing the Foreclosure Judgment "was a product of Fraud on the Court and the Judgment should be void"), 74 (arguing the state court judge "exceeded his jurisdiction in this case and the [Foreclosure J]udgment is void," and requesting the Court to "vacate" the Foreclosure Judgment), 75 (seeking relief from "a final judgment [i.e. the Foreclosure Judgment] for 'fraud'"), 80 ("therefore the Judgement is VOID AB INITIO"), 84 (the Foreclosure Judgment is "an illegal and void judgment that should be overturned by this court"), 88 (arguing all Florida court orders "exceed[ed] the jurisdiction of the court" and are

"void"), 89 (Florida appellate judges "were without jurisdiction to rule Per Curium in this Case").

A federal "court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.*

The *Rooker-Feldman* doctrine is a limitation on the subject matter jurisdiction of the lower federal courts, intended "to prevent the federal courts from hearing what are essentially appeals from state court decisions." *Target Media Ps. v. Specialty Mkt. Corp.*, 881 F.3d 1279, 1284 (11th Cir. 2018). "The doctrine is rooted in an understanding that Congress has given only the United States Supreme Court the ability to hear an appeal from a state court decision." *Id.* Under clear Supreme Court precedent, the *Rooker-Feldman* doctrine "bars only that class of cases in which federal litigants seek reversal of a state court decision." *Id.* (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)). Thus, in the Eleventh Circuit, claims are barred under the *Rooker-Feldman* doctrine where "asserted by parties who have lost in state court and then ask the district court, ultimately, to review and reject a state court's judgments." *Id.* at 1285-86 (citing *Nicholson v. Shafe*, 558 F.3d 1266, 1274 (11th Cir. 2009); *Exxon Mobil*, 544 U.S. at 284). Claims meet this standard where they (i) were "actually adjudicated by a state court," or (ii) are "'inextricably intertwined' with a state court judgment." *Id.* at 1286. In the latter respect, a claim is "inextricably intertwined" where it asks a federal court to "effectively nullify the state court judgment." *Id.* (quoting *Casale v. Tillman*, 558 F.3d 1258, 1261 (11th Cir. 2009)).

Claims I through XII either explicitly or implicitly request this Court to declare void or vacate the Foreclosure Judgment entered by the Florida state court. And to the extent the claims request the Court to declare invalid the underlying mortgage and related agreement, such requests seek to "effectively nullify" the Foreclosure Judgment by declaring invalid the contracts upon which that judgment is based.

Thus, Claims I through XII are barred by the *Rooker-Feldman* doctrine and **dismissed without prejudice** for lack of subject matter jurisdiction. *See Caffey v. Ala. Supreme Court*, 469 F. App'x 748, 750-51 (11th Cir. 2012).

2. **Counts XIII and XIV are Dismissed as Frivolous**

The remaining two claims are dismissed as frivolous. "[D]istrict courts have the inherent power to *sua sponte* dismiss frivolous suits without giving notice to the parties." *Davis v. Kvalheim*, 261 F. App'x 231, 234-35 (11th Cir.

2008); *Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 (11th Cir. 1983). In Count XIII, Sarhan sues the FBI for failing "to protect Sarhan and Family for Mortgage Fraud and Public Corruption." (ECF No. 1 at p. 89.) And Count XIV is brought against Miami-Dade County and Florida Governor Ron DeSantis because the County did "nothing about this judicial corruption" and Governor DeSantis "refused to meet with me and allowed for our family to become homeless." (*Id.* at pp. 89-90.) No authority is furthered to support the existence of either cause of action, and both claims are "clearly baseless and without arguable merit in fact" or law. *Davis*, 261 F. App'x at 234-35 (noting that, under 28 U.S.C. § 1915, dismissal due to frivolity is proper where a court "determines from the face of the complaint that the . . . legal theories are 'indisputably meritless.'" (citation omitted))[1]; *see also Caffey*, 469 F. App'x at 751 ("The Eleventh Amendment bars a suit against a state brought by a citizen of that state."); *id.* at 752 (affirming dismissal of state officials on immunity grounds, holding that such defendants "enjoyed immunity for actions taken during the course of their official duties").

Accordingly, Counts XIII and XIV are **dismissed with prejudice**. *Id.*

### 3. Conclusion

In sum, Counts I through XII are **dismissed without prejudice** for lack of subject matter jurisdiction. Counts XIII and XIV are **dismissed with prejudice** as frivolous under the Court's inherent authority. All pending motions are **denied as moot**. The **Clerk** is directed to **close this case** and mail a copy of this order to the Plaintiff at the address listed below.

---

[1] The circumstances in *Davis* are similar to those presented here:

> The district court sua sponte dismissed, with prejudice, the complaint as frivolous, pursuant to *Jefferson Fourteenth Associates v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 & n. 3 (11th Cir. 1983), concluding that Davis was using the court to "intimidate and heckle those he imagines have done him wrong, rather than as a forum for the redress of legitimate grievances." Additionally, Judge Presnell noted that he would normally have to recuse himself, pursuant to 28 U.S.C. § 455(b)(5)(i), since he is a named defendant, but he concluded that recusal is not required where a plaintiff "baselessly sues or threatens to sue the judge," which was the case here because the allegations against him were just as frivolous as the remainder of the complaint.

*Davis*, 261 F. App'x at 233.

**Done and ordered**, in Chambers, in Miami, Florida, on February 26, 2019.

Robert N. Scola, Jr.
United States District Court

*Copies to:*

Robert Sarhan
22795 SW 212 Ave
Miami, Florida 33170