UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:19-cv-20368-RNS

ROBERT SARHAN,
ANABELLA SOURY, et al.,

    Plaintiffs,

vs.

H&H Investors, a Florida Corporation, et al.,

    Defendants.
_____/

**DEFENDANTS GOVERNOR RON DESANTIS, JUDGE VANCE SALTER, JUDGE THOMAS LOGUE, JUDGE RODNEY SMITH AND JUDGE JOSE M. RODRIGUEZ'S RESPONSE IN OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO SET ASIDE ORDER DISMISSING CASE**

Defendants GOVERNOR RON DESANTIS, JUDGE VANCE SALTER (misidentified as "Glenn"), JUDGE THOMAS LOGUE, JUDGE RODNEY SMITH and JUDGE JOSE M. RODRIGUEZ, by and through their undersigned counsel, file their Response in Opposition to Plaintiff's Emergency Motion to Set Aside Order Dismissing Case, and state as follows:

Plaintiff Robert Sarhan filed this action to void a state-court foreclosure judgment that he alleged was obtained through fraud.[1] His prolix Complaint consisted of 93 pages and 219 numbered paragraphs, much of which was a series of accusations and personal attacks against those involved in the foreclosure case. That included the Defendant Judges who presided over the case at the trial and appellate stages, as well as Governor DeSantis because he did not answer the phone when Plaintiff called the Governor's office.

---

[1] Although identified as a Plaintiff in the caption, Anabella Soury did not sign the Complaint and is not part of the Emergency Motion to Set Aside Order Dismissing Case. It is unknown if in fact she is participating in the case, but as a *pro se* non-attorney Plaintiff Sarhan cannot represent her interests or those of anyone else. Lynch v. Kolp, 2005 WL 8156017, at *1, report and recommendation adopted, 2006 WL 8433685 (S.D. Fla. 2006) ("Though individual plaintiffs may appear *pro se* on their own behalf, they do not have a statutory or constitutional right to be represented by a non-lawyer.").

On February 26, 2019, the Court upon its own review of the record dismissed the case with prejudice, finding that most claims were barred by the Rooker-Feldman doctrine and the rest were frivolous. (D.E. 13.) On March 11, 2019, Plaintiff filed his Emergency Motion to Set Aside February 26, 2019, Order Dismissing Case. (D.E. 30) (the "Motion to Set Aside"). Plaintiff asserts that the judgment should be set aside for fraud under Rule 60(b)(3) and (d)(3), and as void under Rule 60(b)(4). (Id. at ¶¶ 9, 26, 28, 60.)

Despite invoking those provisions, the Motion essentially just repeats the Complaint's allegations, often verbatim. That includes the Complaint's long passage arguing against the Younger abstention doctrine, even though that doctrine played no part in the dismissal. The limited new material in the Motion includes Plaintiff's argument that Rooker-Feldman does not apply because he lacked a "reasonable opportunity" to raise his claims in the state court due to that case being adjudicated without need for trial. He further asserts that there was "plain error," but during the foreclosure proceedings and not in the Order he is actually trying to set aside.

Plaintiff closes his Motion by adding this Court to his ever-expanding list of parties, individuals and court officers whom he accuses of being corrupt and unfair. In light of that, he also requests that the venue be transferred to Orlando, which would be inappropriate for a Rule 60 motion even if the request had any merit. United States v. One Hundred Nineteen Thousand Nine Hundred Eighty Dollars ($119,980.00), 680 F.2d 106, 107 (11th Cir. 1982) (Rule 60 is available "only to set aside the prior order or judgment. It cannot be used to impose additional affirmative relief").

A. **There is no "Emergency"**

As an initial matter, despite Plaintiff titling his Motion to Set Aside as an "emergency," no facts or information whatsoever are presented to support that designation. The word "emergency"

does not even appear anywhere other than the title. There is nothing within the Motion that would distinguish it from any other Rule 60 motion or require its immediate consideration. Merely because Plaintiff disagrees with the dismissal and wants it set aside at once does not create any emergency for this Court. Titling a routine matter as an emergency is a misuse of the Court's filing system and can subject a party to sanctions:

> [T]he Court observes that Plaintiff's motion does not allege a true emergency. No one's health or safety is at stake, nobody is at risk of being deprived of an essential service, and nothing that is irreplaceable or for which compensation would not be available is in jeopardy. Whenever someone files an "emergency" motion the Court drops whatever it is working on to give the motion its full attention. Presumably, opposing counsel does the same thing. It is fundamentally wrong to characterize a matter as an emergency when it obviously is not an emergency. If this happens again, the movant should not be surprised if sanctions are imposed.

Privitera v. Amber Hill Farm, L.L.C., 2012 WL 1900559, at *2 (M.D. Fla. 2012). See also Sibley v. U.S. Dep't of Homeland Sec., 2007 WL 2254554, at *1 (S.D. Fla. 2007) (warning plaintiff of Rule 11 sanctions if he did not "discontinue the practice of filing motions as 'emergencies' when they are not in fact genuine emergencies").

### B. **The Motion to Set Aside Violates S.D. Fla. Local R. 7.1(c)(2)**

Plaintiff's Motion violates S.D. Fla. Local R. 7.1(c)(2), which limits motions to 20 pages. The Motion goes well beyond that at 28 pages. Plaintiff did not seek leave of court to exceed the page limit, nor would leave have been warranted considering the length mostly results from Plaintiff repeating his allegations from the Complaint. The Court should strike the Motion, or at the very least refuse to consider any pages exceeding the limit. Sides v. Simmons, 2008 WL 11412065, at *1 n.1 (S.D. Fla. 2008) (disregarding excess pages in brief); Ealy-Simon v. Liberty Med. Supply, Inc., 2007 WL 1521628, at *1 (S.D. Fla. 2007) (striking memoranda that exceeded page limit).

3

### C. The Motion to Set Aside Improperly Re-Argues Issues Already Considered

Plaintiff's Motion to Set Aside violates the fundamental principle that Rule 60 cannot be used simply to re-litigate the merits of the adjudicated matter:

> What Rule 60(b) and these independent actions do not provide is a means for litigants to obtain the district court's reconsideration of the claims and defenses its judgment adjudicated. See Am. Bankers Ins. Co. v. Northwestern Nat'l Ins. Co., 198 F.3d 1332, 1338 (11th Cir. 1999) ("[T]he law is clear that Rule 60(b) may not be used to challenge mistakes of law which could have been raised on direct appeal[,]" the implication being that all that the Rule provides is a vehicle for attacking the integrity of the district court's judgment); Travelers Indem. Co. v. Gore, 761 F.2d 1549, 1552 (11th Cir. 1985) ("[T]he plaintiff cannot use an independent action as a vehicle for the relitigation of issues."); Bankers Mortgage Co., 423 F.2d at 79 (5th Cir. 1970) ("The independent action can not be made a vehicle for the relitigation of issues."); Donovan v. Sovereign Sec. Ltd., 726 F.2d 55, 60 (2d Cir. 1984) ("[Litigants] may not use proceedings seeking relief from or modification of a judgment under F.R. Civ. P. 60 simply to relitigate matters settled by the original judgment...."); Kustom Signals, Inc. v. Applied Concepts, Inc., 247 F.Supp.2d 1233, 1235 (D. Kan. 2003) ("Like a motion to reconsider, a motion under Rule 60(b) is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed.").

Gonzalez v. Sec'y for Dept. of Corr., 366 F.3d 1253, 1295 (11th Cir. 2004). Nearly the entirety of Plaintiff's Motion is spent re-hashing his allegations from the Complaint at length, even though the Court has considered and rejected those claims.

Moreover, Plaintiff states that relief under Rule 60 is warranted because of fraud and voidness, but the basis for those assertions occurred during the *state-court proceedings*, not during the entry of this Court's Order dismissing the case. As a few examples among many, Plaintiff states that he "received a judgment of foreclosure which was fraudulently obtained against him then state court, under Fed. R. Civ. P. Rule 60(b)(d)(3) [sic]." (D.E. 30 at ¶ 9.) He alleges "fraudulent procurement" of the foreclosure judgment. (Id. at ¶ 11-14). And he alleges that other Defendants "committed Fraud on the Court to receive a judgment from the [Florida] Third DCA." (Id. at ¶ 17.) As for voidness, he states that the state-court foreclosure judgment "is a 'VOID

JUDGMENT,' therefore it has no force of effect." (Id. at ¶¶ 21, 62); that the "default judgment entered by the State Court is void as a matter of law" (Id. at ¶ 24); and that the state-court judgment "is a 'VOID JUDGMENT' because this residential home loan, is a Predatory Loan." (Id. at ¶ 65.) Thus, Plaintiff's arguments about fraud and voidness are nothing more than his same allegations from the Complaint, but with a different Rule attached.

Likewise, Plaintiff argues that he is entitled to an "exception" to the Rooker-Feldman doctrine because he lost his state foreclosure case without a trial, which is yet another way of arguing against that judgment instead of raising any basis for relief under Rule 60. His argument that losing a state-court case before trial equals deprivation of a "reasonable opportunity" to raise his federal claims is misguided. The "reasonable opportunity" exception to Rooker-Feldman does not rest on whether a plaintiff actually *did* raise their federal argument in the state court, but only whether they "had *any* reasonable opportunity" to do so. Kelley v. Med-1 Sols., LLC, 548 F.3d 600, 606 (7th Cir. 2008). See Brown & Root, Inc. v. Breckenridge, 211 F.3d 194, 202 (4th Cir. 2000) (For Rooker-Feldman purposes, "all that matters" is that a plaintiff "enjoyed a reasonable opportunity" to raise their claims in state court. "Rooker-Feldman requires no more."). Plaintiff's assertions against his state-court opponents, the foreclosure judgment and the underlying mortgage either were or could have been raised during those proceedings and certainly during the subsequent appeal, which Plaintiff also lost.

In any event, when dismissing the case under Rooker-Feldman the Court was well aware of the doctrine's standards and exceptions. Arguing "that the Court 'got it wrong,' simply because its reasoning led to a conclusion contrary to the one sought by a losing party" does not warrant relief from an order. Slevin v. Bd. of Cmm'rs for Cty. of Doña Ana, 934 F. Supp. 2d 1289, 1294 (D.N.M. 2013). Neither Plaintiff's repetition of the Complaint nor his argument against Rooker-Feldman are

5

grounds for setting aside the Order Dismissing Case. If Plaintiff's Motion to Set Aside is considered at all given its excessive length and erroneous emergency designation, then it should be denied.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed via CM/ECF this 19ʰ day of March 2019 and served upon Robert Sarhan, 22795 SW 212 Ave., Miami, FL 33170, via regular U.S. mail and e-mail to drrob2007@yahoo.com, and Raul Gastesi, Jr., Esq., counsel for H&H Investors, Inc., Gastesi & Associates, P.A., 8105 NW 155th Street, Miami Lakes, FL 33016, rgastesi@gastesi.com.

Respectfully Submitted,

ASHLEY BROOKE MOODY,
ATTORNEY GENERAL

s/ Shane Weaver
SHANE WEAVER, ESQ.
Senior Assistant Attorney General
Florida Bar No. 907421
Office of the Attorney General
1515 N. Flagler, Suite 900
West Palm Beach, Florida 33401
Tel. (561) 268-5216
Fax (561) 837-5102
shane.weaver@myfloridalegal.com