UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:19-cv-20368-RNS

ROBERT SARHAN,
ANABELLA SOURY, et al.,

    Plaintiffs,

vs.

H&H Investors, a Florida Corporation, et al.,

    Defendants.
_____/

### DEFENDANTS GOVERNOR RON DESANTIS, JUDGE VANCE SALTER, JUDGE THOMAS LOGUE, JUDGE RODNEY SMITH AND JUDGE JOSE M. RODRIGUEZ'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO RECUSE JUDGE ROBERT N. SCOLA, JR.

Defendants GOVERNOR RON DESANTIS, JUDGE VANCE SALTER (misidentified as "Glenn"), JUDGE THOMAS LOGUE, JUDGE RODNEY SMITH and JUDGE JOSE M. RODRIGUEZ, by and through their undersigned counsel, file their Response in Opposition to Plaintiff's Motion to Recuse Judge Robert N. Scola (the "Motion to Recuse"), and state as follows:

Plaintiff Robert Sarhan filed this action to void a state-court foreclosure judgment entered against him.[1] His prolix Complaint consisted of 93 pages and 219 numbered paragraphs, much of which was a series of accusations and personal attacks against those involved in the foreclosure case. That included the Defendant Judges who presided over the case at the trial and appellate stages, as well as Governor DeSantis because he did not answer the phone when Plaintiff called the Governor's office.

---

[1] Although identified as a Plaintiff in the caption, Anabella Soury did not sign the Complaint and is not part of the Motion to Recuse. It is unknown if in fact she is participating in the case, but as a *pro se* non-attorney Plaintiff Sarhan cannot represent her interests or those of anyone else. Lynch v. Kolp, 2005 WL 8156017, at *1 (S.D. Fla. 2005), report and recommendation adopted, 2006 WL 8433685 (S.D. Fla. 2006) ("Though individual plaintiffs may appear *pro se* on their own behalf, they do not have a statutory or constitutional right to be represented by a non-lawyer.").

On February 26, 2019, the Court dismissed the action with prejudice, finding Counts I-XII were barred by the Rooker-Feldman doctrine and Counts XIII and XIV were frivolous. (D.E. 13.) On March 11, 2019, Plaintiff filed his Motion to Recuse. (D.E. 31.) Defendants now file their Response in opposition.

In the Motion to Recuse, Plaintiff makes a number of unfounded personal attacks against the Judge, including that he is "absolutely a Bias and Prejudicial Judge," has "engaged in criminal conduct," and that he dismissed the action "to be a hero to his wife and peers." (Id. at 2.) This is because Judge Scola partially dismissed the action under the Rooker-Feldman doctrine, which Plaintiff believes is inapplicable to his case. (Id. at 2, 6.)[2]

A district judge's recusal from a case is governed by two statutes, 28 U.S.C. § 144 and 455, both of which Plaintiff invokes. Under § 144, a party can seek recusal for an alleged personal bias or prejudice by filing a timely and sufficient affidavit. Plaintiff did not file an affidavit with his Motion to Recuse, so § 144 is not at issue. A party cannot seek recusal under § 144 absent a proper, timely affidavit. Yates v. Manale, 377 F.2d 888, 889 (5th Cir. 1967); Johnson v. Wilbur, 375 F. App'x 960, 965 (11th Cir. 2010). Even if Plaintiff had filed an affidavit, he could not have sworn to having personal knowledge of the Rooker-Feldman doctrine's application, which is a matter of law, or the unsupported and speculative accusations about Judge Scola's motives.

Therefore, any consideration of this Motion is therefore limited to § 455. Under that statute, recusal is necessary whenever a district judge's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Recusal is also necessary if the Judge "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). The standard is not based on a movant's subjective feelings, but

---

[2] Plaintiff appears to contend that the entire action was dismissed under Rooker-Feldman without acknowledging that the last two counts were dismissed not because of the doctrine but because they were frivolous.

2

"whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." Christo v. Padgett, 223 F.3d 1324, 1333 (11th Cir. 2000).

A judge's adverse rulings against a party do not constitute bias warranting recusal. Hamm v. Members of Bd. of Regents of State of Fla., 708 F.2d 647, 651 (11th Cir. 1983). See, e.g., Lawal v. RTM, 260 F. App'x 149, 152 (11th Cir. 2006) (recusal not warranted under § 455 where movant "established only that adverse rulings were issued against him, not that the rulings demonstrated a personal bias on the part of the district judge."). Here, Plaintiff has only complained of Judge Scola's adverse ruling dismissing the action, and specifically the application of Rooker-Feldman even though Plaintiff believes it does not apply. The bare fact that Judge Scola dismissed the action, or partially did so under a theory Plaintiff insists is inapplicable, creates no significant doubt about the Judge's impartiality. Plaintiff instead manufactures the missing factual background with accusations and conspiracy theories, the same as he did against the Defendant Judges in his Complaint.

Plaintiff asserts that Judge Scola dismissed the action because he was secretly trying to protect Defendant Judges Rodriguez and Smith because they, like Judge Scola's wife the Hon. Jacqueline Hogan Scola, serve in the Eleventh Judicial Circuit. Plaintiff asserts that Judge Scola dismissed the action "to protect these judges" and "be a hero to his wife and peers"; "to protect Judge Rodriguez [sic] illegal ruling"; and "to protect his wife's Peers." (D.E. 31 at 2, 5.)

Under 28 U.S.C. § 455(b)(5), recusal is only required if a judge's spouse

(i) Is a party to the proceeding, or an officer, director, or trustee of a party;
(ii) Is acting as a lawyer in the proceeding;
(iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
(iv) Is to the judge's knowledge likely to be a material witness in the proceeding

None of those requirements are met here. Plaintiff's unfounded assertions, entirely premised on the Judge's wife merely being in the same judicial circuit as two of the Defendants, creates no reasonable question of the Judge's partiality. That is especially so when there is no claim that Judge Jacqueline Scola actually has any interest or involvement either in this case or the state-court foreclosure case.

In Sensley v. Albritton, 385 F.3d 591 (5th Cir. 2004), the plaintiffs attempted to disqualify the district judge because the judge's wife was an assistant district attorney in the same office that was representing the defendants. The Fifth Circuit upheld the denial of that motion because the judge's wife had no "no financial or other interests directly at stake in this case." Id. at 599. The Sensley Court rejected the notion that a judge's impartiality is called into question whenever an immediate family member works in an office that represents one of the parties. Id. at 600. The Sensley Court stated that the plaintiffs were "only able to make this argument by layering several speculative premises on top of one another to reach a speculative conclusion." Id. Plaintiff does the same here. See also Hook v. McDade, 89 F.3d 350, 355-56 (7th Cir. 1996) (criminal defendant failed to establish rounds for recusal where district judge's wife formerly represented co-defendant in unrelated civil matter before different judge); In re Trafford Distrib. Ctr., Inc., 435 B.R. 745 (Bankr. S.D. Fla. 2010) (defendants failed to show grounds for recusal where judge's fiancé worked at same firm that represented plaintiff).

As Sensley demonstrates, an accusation involving nothing more than a shared workplace creates no basis for recusal. The connection between Judge Jacqueline Scola and this case is even *more* attenuated than the one alleged in Sensley. Plaintiff's belief that Judge Scola was attempting to "be a hero" to his wife by "protecting" different judges in the same judicial circuit is based on nothing more than his own subjective conjecture. This fails to establish any basis for recusal.

4

Plaintiff also argues that recusal is necessary because Judge Scola "blacked out" docket entry 6, Plaintiff's Motion for Change of Venue. (D.E. 31 at 3.) Plaintiff again makes unfounded personal accusations by wondering if Judge Scola blacked out the motion "to hide the fact that he is married to Jacqueline Hogan Scola." (Id.) Aside from its complete lack of support, Plaintiff's argument is incorrect. His Motion for Change of Venue was not "blacked out," its docket entry was simply corrected. It is now docket entry 7 instead of 6, and it can be read and downloaded in full the same as any other filing.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed via CM/ECF this 19$^h$ day of March 2019 and served upon Robert Sarhan, 22795 SW 212 Ave., Miami, FL 33170, via regular U.S. mail and e-mail to drrob2007@yahoo.com, and Raul Gastesi, Jr., Esq., counsel for H&H Investors, Inc., Gastesi & Associates, P.A., 8105 NW 155th Street, Miami Lakes, FL 33016, rgastesi@gastesi.com.

Respectfully Submitted,

ASHLEY BROOKE MOODY,
ATTORNEY GENERAL

s/     Shane Weaver
SHANE WEAVER, ESQ.
Senior Assistant Attorney General
Florida Bar No. 907421
Office of the Attorney General
1515 N. Flagler, Suite 900
West Palm Beach, Florida 33401
Tel. (561) 268-5216
Fax (561) 837-5102
shane.weaver@myfloridalegal.com