United States District Court
for the
Southern District of Florida

| Robert Sarhan, Anabella Soury, | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 19-20368-Civ-Scola |
| | ) | |
| H&H Investors, and others, | ) | |
| Defendants. | ) | |
| | ) | |

### Opinion Order Denying Motion for Permission to Appeal In Forma Pauperis, and Certifying that Appeal is Not Taken in Good Faith

This matter is before the Court on a motion for permission to appeal in forma pauperis (the "Motion," ECF No. 35) filed by Plaintiffs Robert Sarhan and Anabella Soury (collectively, "Sarhan").

"Motions for leave to proceed in forma pauperis on appeal are governed by Rule 24 of the Federal Rules of Appellate Procedure." *Thompson v. Teebagy*, No. 16-62055, 2016 WL 11198672, *1 (S.D. Fla. Nov. 7, 2016) (Williams, J.). Rule 24 provides, in relevant part, that:

> a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
> > (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
> >
> > (B) claims an entitlement to redress; and
> >
> > (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1). Further "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

First, the Motion raises substantial doubt as to whether Sarhan is unable to pay the costs of an appeal. The record reflects that Sarhan has spent $29,500 "or more" in this and related litigation in Florida state court. (ECF No. 35 at p. 5.) And, to be sure, Sarhan paid the filing fee in the district court and never sought leave to proceed in forma pauperis. (ECF No. 1.) Further, Sarhan's financial disclosures reveal that he owns a $800,000 home (subject to related foreclosure proceedings); that he earns $2,500 a month—$500 from rental

income and $2,000 from his job as a chauffeur (a job that he apparently quit of his own volition for personal reasons); that he holds $3,000 in cash; and that he keeps $3,200 in a checking account with Bank of America. Sarhan also drives a 2015 Mercedes C-300. Were it necessary to the adjudication of the Motion, the Court would be hard pressed to find on those facts that Sarhan is unable to pay the costs of this appeal.

But the Court need not make such a finding because this appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3). "A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard." *Ghee v. Retailers Nat'l Bank*, 271 F. App'x 858, 859 (11th Cir. 2008). An appeal filed *in forma pauperis* is frivolous "when it appears the plaintiff has little or no chance of success," meaning that the "factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotation marks omitted).

Recognizing the awkwardness of opining on the substance of an appeal of its own order, the Court nonetheless submits that this appeal is "indisputably meritless." *Id.* Sarhan initiated this federal action by "removing" a Florida state court foreclosure proceeding on the eve judicial sale, and then filing a 93-page, fourteen-count shotgun complaint against the Florida judges who ruled against him, opposing counsel, the court reporter and others. Procedurally, the Court is unaware of any authority permitting a party to bring a case in this manner. Substantively, nearly all the claims or "arguments" raised in the complaint challenge the validity of, or expressly seek to "void," the judgment of foreclosure entered in the seven-year-old state court proceeding. (ECF No. 1 at p. 1 (titled: "COMPLAINT AND INJUNCTION RELIEF TO VOID A STATE COURT JUDGMENT").) The *Rooker-Feldman* doctrine deprives federal district courts of jurisdiction over such claims. (ECF No. 13 at pp. 1-2); *Zamore v. Deutsche Bank Nat'l Trust Co.*, -- F. App'x --, 2019 WL 1332329, at **2-3 (11th Cir. Mar. 25, 2019) (affirming dismissal under *Rooker-Feldman* doctrine where requested relief "would effectively nullify the state court judgment" of foreclosure (quoting *Casale v. Tilman*, 558 F.3d 1258, 1260 (11th Cir. 2009)). And the two claims not barred by the *Rooker-Feldman* doctrine—against the FBI, Florida's Governor and Miami-Dade County for not protecting Sarhan from "mortgage fraud and public corruption" or otherwise returning his calls—were already deemed frivolous by this Court. (ECF No. 13 at p. 3.)

Not only are the legal positions furthered in this appeal lacking in good faith, but Sarhan's conduct before this Court may well exhibit bad faith. The instant removal occurred on the eve of the judicial foreclosure sale in the state court, and on the heels of a prior unsuccessful removal attempt in early 2018.

*See H&H Invs. v. Sarhan*, No. 18-20088, 2018 WL 3730899 (S.D. Fla. Mar. 29, 2018) (Otazo-Reyes, Mag. J.) *adopted by* 2018 WL 3730227 (S.D Fla. May 18, 2018) (Martinez, J.). When coupled with the frivolity of the claims asserted, it is apparent that Sarhan is using the federal courts to delay the foreclosure sale and to disparage those who he feels have wronged him, including nearly every judge who has presided over this case (including this judge (*see* ECF No. 31 at p. 2)). In sum, the Court finds this appeal lacks good faith and is being pursued without a proper purpose. *Cf.* 28 U.S.C. § 1927; *Meidinger v. Healthcare Indus. Oligopoly*, 391 F. App'x 777, 779-80 (11th Cir. 2010).

Accordingly, the Court **denies** the motion for permission to appeal in forma pauperis (**ECF No. 35**). Further, the Court **certifies**, under 28 U.S.C. § 1915(a)(3), that this appeal is not taken in good faith, and the **Clerk** shall notify the Eleventh Circuit Court of Appeal of same. *See* Fed. R. App. P. 24(a)(4).

**Done and ordered**, in chambers, at Miami, Florida, on March 28, 2019.

Robert N. Scola, Jr.
United States District Judge