United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Robert Sarhan, Anabella Soury, Plaintiffs, | )<br>)<br>) |
| v. | )<br>) Civil Action No. 19-20368-Civ-Scola<br>) |
| H&H Investors, and others, Defendants. | )<br>)<br>)<br>) |

### **Opinion Omnibus Order**

This matter is before the Court on three motions: (1) a motion by H&H Investors ("H&H") for reconsideration under Fed. R. Civ. P. 60 (the "Rule 60 Motion," ECF No. 29); (2) an "emergency motion to set aside February 26, 2019 order dismissing case, emergency hearing requested" filed by the Plaintiff Robert Sarhan ("Sarhan"), (the "Motion to Set Aside," ECF No. 30); and (3) a motion to recuse the undersigned filed by Sarhan (the "Motion to Recuse," ECF No. 31). (the three motions, collectively, the "Pending Motions").

### 1.  **Procedural Posture**

Sarhan initiated this federal action on January 28, 2019, by "removing" a Florida state court foreclosure proceeding on the eve of judicial sale, and then filing a 93-page, fourteen-count shotgun complaint against the Florida judges who ruled against him, opposing counsel, the court reporter and others. Twelve of the fourteen claims explicitly, or implicitly, sought to void the underlying judgment of foreclosure entered by the Florida court. On February 26, 2019, the Court *sua sponte* dismissed those claims without prejudice on jurisdictional grounds under the *Rooker-Feldman* doctrine. (ECF No. 13.) The other two claims—against the FBI, Florida's Governor and Miami-Dade County for not protecting Sarhan from "mortgage fraud and public corruption" or otherwise returning his calls—were dismissed with prejudice as frivolous. (*Id.*) The Court did not remand the case at that time, as removing document was a complaint and the docket did not reflect that the case was removed.

H&H moved for remand on March 4, 2019, and the Court denied that motion. (ECF Nos. 27, 28.) The next day, H&H sought reconsideration of that order, attaching as exhibits the relevant notices of removal. (ECF No. 29.)

On March 11, 2019, Sarhan filed an "emergency" motion to set aside the Court's dismissal order, (ECF No. 30), as well as a motion to recuse the undersigned, (ECF No. 31).

No order was entered on those motions, but Sarhan nonetheless appealed this Court's dismissal order on March 27, 2019. (ECF No. 34.) Sarhan simultaneously moved the Court for permission to appeal in forma pauperis. (ECF No. 35.) The Court denied that motion the next day, finding the appeal was not taken in good faith. (ECF No. 37.)

Thus, at present, the dismissal order is before the Eleventh Circuit, and the Rule 60 Motion, the Motion to Set Aside and the Motion to Recuse remain pending before this district court.

**2.    Jurisdiction**

The Court first considers its jurisdiction to adjudicate the Pending Motions. Federal Rule of Appellate Procedure 4 provides that "[i]f a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of [a timely motion under Fed. R. Civ. P. 59 or 60]—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." Fed. R. App. P. (4)(a)(4)(A), (B). Because the Rule 60 Motion and Motion to Set Aside were filed and pending before Sarhan took his appeal, the notice of appeal is not yet "effective." The Court therefore may consider the Pending Motions. *See* Fed. R. App. P. 4, 1993 Advisory Committee Note to Paragraph (a)(4) ("A notice filed . . . after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals.").

**3.    Analysis**

First, the Rule 60 Motion (**ECF No. 29**) is **granted.** The Rule 60 Motion requests the Court to reconsider its earlier order denying remand to "avoid the confusion created by Dr. Sarhan in the State Court proceeding." (ECF No. 29.) Sarhan did not respond to this motion. The Court agrees with H&H that relief is appropriate under Rule 60(a) to correct a "clerical mistake arising from oversight or omission," as Sarhan had in fact removed this case, despite the docket sheet not reflecting that fact. (ECF Nos. 1-2, 1-3, 1-4.) Although the *Rooker-Feldman* doctrine deprived the Court jurisdiction over most claims asserted by Sarhan, remand is required for a different reason: The Complaint, filed in federal court post-removal in the state foreclosure proceeding to which Sarhan was defendant, is a counterclaim and cannot serve as a basis for federal jurisdiction. *See Holmes Grp, Inc. v. Vornado Air Circulation Sys., Inc.,* 535 U.S. 826, 831-32 (2002)

("allowing responsive pleadings by the defendant to establish 'arising under' jurisdiction would undermine the clarity and ease of administration of the well-pleaded-complaint doctrine, which serves as a 'quick rule of thumb' for resolving jurisdictional conflicts.").

Next, the Court **denies** the Motion to Set Aside (**ECF No. 30**). Aside from violating local rules by exceeding the page-limitation for motions and styling the filing as an "emergency" without so certifying, the Motion to Set Aside improperly rehashes the same arguments furthered in the Complaint and previously rejected by the Court. *See Gilley v. Monsanto Co., Inc.*, 428 F. App'x 883, 885-86 (11th Cir. 2011); *Popham v. Cobb Cnty, Ga.*, 392 F. App'x 677, 680-81 (11th Cir. 2010). The Court finds Sarhan's arguments equally unpersuasive on the second pass, and the request for hearing is denied.

Finally, the Court denies the Motion to Recuse. "To warrant recusal under 28 U.S.C. § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists." *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2018). "And to determine whether recusal is necessary under 28 U.S.C. § 455, 'the standard is whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality.'" *Pinkston v. Univ. of S. Fla. Bd. Of Trustees*, 752 F. App'x 756, 759 (11th Cir. 2018) (quoting *Christo*, 223 F.3d at 1333). "[A] judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation." *Id.* (quoting *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986)). The Court finds the arguments furthered by Sarhan in support of recusal are "unsupported, irrational, [and] highly tenuous speculation," and that an "objective, fully informed lay observer would [not] entertain significant doubt about" the undersigned's impartiality. *Id.* The Motion to Recuse (**ECF No. 31**) is therefore **denied**.

4. <u>**Conclusion**</u>

In sum, the Court orders as follows:

- The Motion to Recuse (**ECF No. 31**) is **denied**.
- The Motion to Set Aside (**ECF No. 30**) is **denied**.
- The Rule 60 Motion (**ECF No. 29**) is **granted,** and this case is **remanded** to the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (case no. 12-07970 CA 01). The **Clerk** is instructed to take all necessary steps to ensure a prompt remand and transfer of this file.
- The **Clerk** is further directed to mail a copy of this order, as well as **ECF No. 37**, to Robert Sarhan, 22795 SW 212 Ave., Miami, Florida 33170.

**Done and ordered**, in Chambers, in Miami, Florida, on March 29, 2019.

_____
Robert N. Scola, Jr.
United States District Court