Case 1:19-cv-20368-RNS   Document 44   Entered on FLSD Docket 12/20/2019   Page 1 of 6
Case: 19-11177   Date Filed: 12/20/2019   Page: (1 of 6)

Dec 20, 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

December 20, 2019

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 19-11177-A
Case Style: Robert Sarhan v. H & H Investors, et al
District Court Docket No: 1:19-cv-20368-RNS

The enclosed copy of this Court's Order of Dismissal is issued as the mandate of this court. See 11th Cir. R. 41-4. Counsel and pro se parties are advised that pursuant to 11th Cir. R. 27-2, "a motion to reconsider, vacate, or modify an order must be filed within 21 days of the entry of such order. No additional time shall be allowed for mailing."

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Denise E. O'Guin, A
Phone #: (404) 335-6188

Enclosure(s)

DIS-4 Multi-purpose dismissal letter

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 19-11177-A

ROBERT JOSEPH SARHAN,

Plaintiff - Appellant,

ANABELLA SOURY,

Plaintiff,

versus

H & H INVESTORS,
RALPH HALIM,
individually from H & H Investor,
RAUL GASTESI, JR.,
attorney and individually,
THOMAS SANDERS,
attorney and individually,
PATREEZE PEARCE,
as Court Reporter and individually, et al.,

Defendants - Appellees.

Appeal from the United States District Court
for the Southern District of Florida

Before: ROSENBAUM, GRANT and MARCUS, Circuit Judges.

BY THE COURT:

Case 1:19-cv-20368-RNS   Document 44   Entered on FLSD Docket 12/20/2019   Page 3 of 6
Case: 19-11177     Date Filed: 12/20/2019     Page: 2 of 5

Robert Sarhan appeals following the dismissal of a suit originally removed from state court involving a foreclosure action, for lack of subject matter jurisdiction, and the dismissal of civil rights claims, 42 U.S.C. § 1983, independently filed in the district court, due to frivolity.[1] Sarhan has now moved this Court for leave to proceed *in forma pauperis* ("IFP") on appeal. In turn, the Governor of Florida and several named judges have filed a motion to dismiss this appeal as frivolous or, alternatively, for summary affirmance of the district court.[2] Because Sarhan's request to proceed IFP and the Governor's motion to dismiss both involve a frivolity determination, we will address both together.

Since Sarhan seeks leave to proceed on appeal IFP, we must determine whether the statements in his affidavit satisfy the requirement of poverty. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). The affidavit does not need to show that the litigant is "absolutely destitute" to qualify for indigent status, but instead must establish that, because of his poverty, he is unable to pay

---

[1] In a previous order, we dismissed a portion of Sarhan's appeal for lack of jurisdiction. As a result of that order, the only remaining parties on appeal that are left are Ron DeSantis—the Governor of Florida—the FBI, and Miami-Dade County, as they were the only named parties in the remaining counts of Sarhan's complaint that we have jurisdiction over—Counts XIII and XIV. However, still pending consideration by us, is H & H Investor's motion to dismiss this appeal. Because H & H is no longer a party to this appeal by virtue of our previous order, however, we now dismiss that motion as moot.

[2] The Florida Attorney General's Office represents both the Governor and the judges. However, as we stated in *supra* note 1, the judges are no longer parties on appeal. Accordingly, their motion to dismiss this appeal or, alternatively, for summary affirmance, is also denied as moot.

for the court fees and costs, and to support and provide necessities for himself and his dependents. *Id.* If we determine that the litigant meets the poverty threshold, then his appeal is subject to a frivolity determination. *Id.*; *See also* 28 U.S.C. § 1915(e)(2)(B). "[A]n action is frivolous if it is without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (quotation omitted). Additionally, a lawsuit is frivolous if its claims involve factual contentions that are fanciful, fantastic, irrational, and/or delusional. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

We have stated that "[a] district court can only dismiss an action on its own motion as long as the procedure employed is fair." *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (quotation omitted). Therefore, "a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." *Id.* (quotation omitted). However, dismissal without notice is appropriate when (1) the complaint is patently frivolous or (2) if reversal by this Court would be futile. *Id.*

Our local rules provide that "[i]f it shall appear to the Court at any time that an appeal is frivolous and entirely without merit, the appeal may be dismissed." 11th Cir. R. 42-4. Furthermore, summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of

3

one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Here, even if we assume *arguendo*, that Sarhan satisfies the requirements of poverty, we conclude that his appeal is frivolous and without arguable merit either in law or fact. In Counts XIII and XIV of Sarhan's complaint—the only remaining relevant counts in this appeal—he alleged (1) a claim against the FBI for failing to protect him and his family from mortgage fraud, public corruption, civil-rights violations, color-of-law violations, and white-collar crimes, and (2) a claim against the Governor and Miami-Dade County for doing nothing about judicial corruption and for Governor DeSantis failing to meet with him. The district court did not err in dismissing Counts XIII and XIV of his complaint as frivolous, however, because there was no basis in the law that required the FBI, a governor, or a local county to intervene in a foreclosure action by meeting with the debtor. As such, Sarhan's claims were without arguable merit either in law or fact, and thus, his appeal is frivolous. *Napier*, 314 F.3d at 531.

Accordingly, Sarhan's request to proceed IFP on appeal is DENIED; the Governor's motion to dismiss is GRANTED; the Governor's motion for summary affirmance is DENIED as moot; the judge's motion to dismiss or, alternatively, for

summary affirmance is DENIED as moot; H & H Investor's motion to dismiss is DENIED as moot; and we *sua sponte* dismiss this appeal as it pertains to all remaining parties as frivolous.